David L. Skelton, Trustee State Bar No. 96250
Rebecca E. Pennington State Bar No. 174488
Richard L. Stevenson State Bar No. 239705
**OFFICE OF THE CHAPTER 13 TRUSTEE**
525 B Street, Suite 1430
San Diego, CA 92101
Telephone (619) 338-4006
Facsimile (619) 239-5242

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

JULIO WERNER MAYEN

Debtor.

) Case No. 13-01660-LT13
)
) TRUSTEE'S OBJECTION TO
) CONFIRMATION OF CHAPTER 13 PLAN
) AND MOTION TO DISMISS PURSUANT
) TO 11 U.S.C.1307(C)(5)
)
) DATE:  May 7, 2013
) TIME:  10:00 AM
) DEPT:  3
)
)

DAVID L. SKELTON, Chapter 13 Standing Trustee ("Trustee"), hereby objects to confirmation and moves the Court for an Order of Dismissal and Denial of Confirmation.  The bases for the Trustee's objection(s) are:

### I.      11 USC § 1322(d)(1)(C)

A.  The Plan provides for payments over a period exceeding five years (or exceeding 3 years without cause).  See §1322(d) *et. seq.*

1.  **Plan length is unknown.**

### II.      11 USC § 109(e)

A.  The debtor owes debts in excess of $360,475 unsecured and/or $1,081,400 secured. See §109(e).

1.  **Not all creditors are scheduled – unknown.**

Re:  Trustee's Objection to Confirmation of Chapter 13 Plan And Motion to Dismiss

Rev. 3/21/2013                                                                                                          1

### III.    11 USC § 1325 (b)(1)(B) AND/OR 11 USC § 1329(a)

A.  The debtor has failed to apply all projected disposable income to the Plan for a period of not less than the applicable commitment period (the "ACP").  See §1325(b)(1)(B); See §1329(a); See also, *In re Ransom,* 131 S.Court 716; 178 L.Ed 2d 603 (2011); *In re Sounakhene,* 249 B.R. at 805 citing *In re Than,* 215 B.R. 430 (9th Cir. BAP 1997); *In re Sunahara,* 326 B.R. 768 (9th Cir. BAP 2005); *In re Hall,* 442 B.R. 754 (Bankr. D. Idaho 2010); *In re Witkowski,* 16 F.3d 739, 746 (7th Cir. 1994); *In re Powers,* 202 B.R. 618 (9th Cir. BAP 1996).

**1.  No proof of income.**

### IV.    11 USC § 1322 (a)(2)

A.  The Plan does not provide for full payment of all priority claims. See §1322(a)(2).

**1.  DSO creditor is not scheduled ($625 support payment in budget).**

### V.    11 USC § 1322 (b)(1)

A.  The Plan discriminates unfairly against classes of unsecured claims. See §1322(b)(1).

### VI.    11 USC § 1325(a)(4)

A.  The debtor is distributing less to the allowed unsecured creditors than they would receive under a Chapter 7 liquidation.  See §1325(a)(4).

**1.  Need 100% plan – debtor maintains that he does not have to make mortgage payments.**

### VII.    11 USC § 1325 (a)(5)

A.  The Plan: (a) has not been accepted by each secured creditors; OR, (b) does not provide Debtor is to surrender collateral to non-consenting lien creditors; OR, (c) fails to provide non-consenting creditors will retain lien against collateral AND the value to be paid each non-consenting lien creditor is less than allowable amount of claim. See §1325(a)(5).

///

///

///

///

///

## VIII.     11 USC § 1325(a)(6)

A.  The debtor has no ability to make the payments proposed by the Plan. See §1325(a)(6).  The debtor has no regular income. See §109(e).

**1.  No proof of income. Trustee requires:**

  **a.  2 years of tax returns**

  **b.  2012 1099's or W-2's**

  **c.  Profit and Loss Statements for August 2012 – January 2013 with corresponding bank statements**

**2.  Debtors' total after-tax income is $832/month.  Budget has $0 for mortgage payment on $776,600 home and $0 for all living expenses, utilities, etc. except for food.**

**3.  Budget is negative even with no Trustee payment and no mortgage payment.**

## IX.     11 USC § 1322 *et. seq.*

A.  The Plan is incomprehensible or internally inconsistent and the Trustee cannot administer it in its current format.

**1.  Schedules are incomplete and unreliable.**

**2.  Debtor proposes no payment to Trustee; there is no one to pay - 0% plan.**

## X.     11 USC § 1325(a)(3)

A.  The Plan is not proposed in good faith or does not comply with Code provisions.  See §1325 (a)(3); *In re Leavitt,* 171 F.3d 1219, 1222-23 (9th Cir. 1993); *In re Lanning,* 403 B.R.47 (Bankr. N.D. CA 2009); *In re Padilla,* 213 B.R. 349, 352 (9th Cir. BAP 1997).

**1.  Debtor testified that he did NOT schedule all creditors – only scheduled the real estate creditors he wanted to schedule.**

**2.  This is a bad faith delay tactic.  Debtor has not made a real estate payment for several years on this $776,600 home and does not have the ability or the intention of making any payments post petition.**

**3.  Request dismissal with 180 day bar to re-filing Ch. 11, 12, or 13.**

///

## XI.    11 USC § 1326 (a)(1)

A. The debtor has failed to begin making payments prescribed in the Plan within 30 days of filing the Plan. See §1326(a)(1).

**1. Debtor does not intend to make payments.**

## XII.    11 USC § 1307(c)(1)

A. This matter should be dismissed pursuant to §1307(c)(1) for a delay that is prejudicial.

## XIII.    11 USC 1307(c)(4)

A. This matter should be dismissed pursuant to §1307(c)(4) for failure to commence making timely payments.

## XIV.    11 USC § 521(a)(1)(B)(iv)

A. This matter should be dismissed pursuant to §521(a)(1)(B)(iv) for failure to provide copies of all payment advices.

## XV.    11 USC § 521(a)(1)(B)(v)

A. This matter should be dismissed pursuant to §521(a)(1)(B)(v) for failure to provide a statement of the  monthly net income itemized to show how the amount is calculated.

## XVI.    11 USC § 521(e)(2)(B)

A. This matter should be dismissed pursuant to §521(e)(2)(B) for failure to provide copies of  Federal tax returns to Trustee.

WHEREFORE, the Trustee respectfully requests that confirmation of Debtor's plan be denied and the case be dismissed.

Date:  April 3, 2013 _____/s/ David L. Skelton_____
Chapter 13 Trustee

Re:   Trustee's Objection to Confirmation of Chapter 13 Plan And Motion to Dismiss

Rev. 3/21/2013                                                                                                                     4